

Matthew J. Reynolds • 646.872.9353 • reynolds@huthreynolds.com • 7800 Grampian Court, Chesterfield VA 23838

August 24, 2022

*By ECF and U.S. Mail*

The Honorable Edgardo Ramos, U.S. District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse, Courtroom 619
40 Foley Square
New York, NY 10007

     Re:    *Brook v. Ruotolo et al.*, Docket No. 1:22-cv-06173-ER

Dear Judge Ramos:

     Pursuant to Section 2.A.ii of this Court's Individual Practices, I write on behalf of Huth Reynolds LLP ("HR LLP"), of which I am a partner, and Karl Huth, Esq., my partner at HR LLP ("Huth" and, collectively with HR LLP, the "Huth Defendants"), both named as defendants in the above-captioned case, to request a pre-motion conference in connection with a proposed motion by the Huth Defendants to dismiss Plaintiff's complaint in this case (the "Complaint") pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Set forth below are the bases for the anticipated motion.

     **Procedural Posture**. The claims in the Complaint relate to a guardianship proceeding before Justice Kelly O'Neill-Levy in the Supreme Court of the State of New York, County of New York, and related appeals from that proceeding (collectively, the "State Court Action"). In the State Court Action, the Huth Defendants represented a petitioner (and co-defendant in this case), Howard Muser, who sought the appointment of a guardian for his elderly sister, the late Judith Brook. Mr. Muser initiated the State Court Action on May 9, 2019 after attempts to address his concerns about her care with her son, Plaintiff Adam Brook, were unsuccessful. After a series of hearings, including testimony from witnesses and reports from two appointed court evaluators, on January 3, 2020 Justice O'Neill-Levy found that Plaintiff had breached his fiduciary duties, voided Plaintiff's power of attorney and health care proxy over Judith Brook, and expanded the powers of Defendant Joseph Ruotolo, Esq. as temporary guardian. Unfortunately, Judith Brook passed away on March 15, 2020. In the wake of the guardianship case, Plaintiff has embarked on a barrage of meritless and vexatious litigation. In the State Court Action, Plaintiff has already filed four interlocutory appeals—all of which he has lost, with both the Appellate Division and the New York Court of Appeals awarding costs against him—and noticed a fifth appeal that he has yet to perfect.[1] After litigating and repeatedly losing in state court, Plaintiff now seeks, through his *pro se* Complaint in this Court, to relitigate the State Court Action yet again.

---

[1] *See* N.Y. App. Div. (1st Dep't) Case Nos. 2020-03080, 2020-04750, 2020-04349, 2021-00693. On May 16, 2022, Plaintiff noticed his intent to appeal an April 1, 2022 order of Justice O'Neill-Levy, which he has not yet perfected.



**The Complaint Fails to State a Section 1983 Claim or Any Other Basis for "Federal Question" Jurisdiction**. Plaintiff's 254-page *pro se* Complaint asserts 13 causes of action against 23 named defendants (including the Huth Defendants) and 10 unnamed "John Does". Of those causes of action, only the first, brought under 42 U.S.C. Section 1983 ("§ 1983"), is an independent federal claim invoking this Court's original "federal question" subject-matter jurisdiction under 28 U.S.C. Section 1331.[2] Plaintiff's Complaint does not, however, allege how the Huth Defendants could be found to have acted under color of state law, an essential element of a § 1983 claim. Plaintiff instead alleges that certain defendants (including the Huth Defendants) "engaged in a conspiracy with Justice O'Neill-Levy to wrongfully find Judith Brook incapacitated, to wrongfully find Adam Brook, M.D., Ph. D. to have breached his fiduciary duty to his own mother, to wrongfully void the healthcare-proxy and power-of-attorney . . . and to wrongfully strip Judith Brook of all of her Constitutional and civil rights." Compl. ¶ 653. It is settled law that allegations that a private litigant succeeded in litigation do not state a § 1983 claim. *See, e.g.*, *Frierson-Harris v. Hough*, No. 05 CIV. 3077(DLC), 2006 WL 298658, at *4 (S.D.N.Y. Feb. 7, 2006), *aff'd*, 328 F. App'x 753 (2d Cir. 2009) (dismissal appropriate where "[t]he sole allegation in the Complaint that implicates state action . . . [is] that [defendants] conspired with the court . . . [because] [s]ucceeding in state court litigation does not state a claim").

**The Complaint Fails to Allege Diversity Jurisdiction**. By its own allegations, the Complaint demonstrates that the complete diversity of citizenship necessary for this Court to exercise jurisdiction over Plaintiff's remaining claims does not exist. For purposes of diversity jurisdiction, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332. The first paragraph of the Complaint alleges that Plaintiff is suing not only "personally", but also as a representative of the estate of Judith Brook. Compl. at 1 ("Plaintiff pro se Adam Brook, M.D., Ph.D., both personally, as next of kin of, and **_as a personal representative of the Estate of, Dr. Judith Brook_**, alleges the following") (emphasis added). Every cause of action alleged against the Huth Defendants claims harm to Judith Brook and her estate as grounds for recovery. The Complaint explicitly acknowledges that Judith Brook was a citizen and resident of New York at the time of her death, Compl. ¶ 25, making her estate a New York citizen, as well. *See Johnson v. Smithsonian Inst.*, 4 F. App'x 69, 71 (2d Cir. 2001) ("a representative of the [decedent's] estate is deemed for diversity purposes to have the citizenship possessed by the decedent"). The Complaint alleges that the Huth Defendants and six other named defendants are all citizens of New York. Compl. ¶¶ 27, 30–34, 37–38. Accordingly, there is not complete diversity of citizenship between the real and substantial parties to this case. Dismissal is appropriate where "[b]oth the decedent and all defendants are citizens of New York" and "[o]nly the decedent's representative (the nominal plaintiff . . .) resides elsewhere". *Liu v. Westchester Cnty. Med. Ctr.*, 837 F. Supp. 82, 83 (S.D.N.Y. 1993). Because "this case lacks complete diversity [it] must be dismissed for lack of subject matter jurisdiction." *Tovar v. Indiana*,

---

[2] The Complaint pleads a second cause of action under 42 U.S.C. Section 1988 but does not specify which of its three specific subsections is being invoked. Section "1988(a) does not give individuals a substantive right but rather provides a mechanism for filling procedural gaps", *Carvel v. Ross*, No. 09 CIV. 0722 LAK JCF, 2011 WL 856283, at *30 (S.D.N.Y. Feb. 16, 2011), *report and recommendation adopted*, No. 09 CIV. 0722 LAK, 2011 WL 867568 (S.D.N.Y. Mar. 11, 2011). Section 1988(b) permits discretionary awards of attorney's fees to parties who successfully vindicate their civil rights under § 1983, and Section 1988(c) governs awards of expert fees to successful parties under 42 U.S.C. Sections 1981 and 1981a, neither of which is invoked in Plaintiff's Complaint.



Page 3
August 24, 2022

No. 11 CIV. 776 DAB, 2011 WL 5423161, at *2 (S.D.N.Y. Nov. 8, 2011). In the absence of both federal question and diversity jurisdiction, there is no basis for this Court to exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. Section 1367, and the Complaint must be dismissed.

**The Complaint Fails to State a Claim Against the Huth Defendants**. The Complaint also substantively fails to state any claim against the Huth Defendants. In summary:

- Plaintiff's third cause of action (violation of rights under New York state constitution) fails because, as with its § 1983 claim, the Complaint does not, and cannot, show how the Huth Defendants—privately retained attorneys—could be found to be state actors.

- Plaintiff's ninth cause of action (fraudulent billing) fails because the Complaint does not, and cannot, allege that the Huth Defendants (who represented Mr. Muser in the State Court Action) billed Plaintiff for any services, and does not plead fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

- Plaintiff's tenth cause of action (unjust enrichment) fails because the Complaint does not allege that the Huth Defendants received anything from Plaintiff.

- Plaintiff's eleventh cause of action (N.Y. Judiciary Law § 487) fails because the Complaint does not allege with particularity any deceitful or collusive conduct by the Huth Defendants.

- Plaintiff's twelfth cause of action (fraud on the court) fails because the Complaint does not allege fraud by the Huth Defendants with the particularity required by Rule 9(b).

For these reasons, I respectfully request a pre-motion conference with the Court at its earliest convenience. Pursuant to Section 2.A.ii of this Court's Individual Practices, I understand that this request stays the deadline for the Huth Defendants to file a motion to dismiss or answer the Complaint, and that a new deadline will be set at the pre-motion conference. The foregoing is not intended to be a full recitation of the rights, remedies, and defenses available to the Huth Defendants, all of which are expressly reserved herein.

Respectfully submitted,

 S/ Matthew J. Reynolds
Matthew J. Reynolds (MR5740)
*Counsel for Huth Reynolds LLP and Karl Huth*

**CERTIFICATE OF SERVICE**

      I, Matthew John Reynolds, hereby certify that on this 24th day of August, 2022, a copy of the foregoing document was electronically filed with the Court and served via CM/ECF on parties registered on the Court's electronic docket, and that a paper copy of the foregoing document and paper copies of unpublished cases cited therein (in compliance with Local Civil Rule 7.2 of this Court) are also being sent to the *pro se* Plaintiff via U.S. Mail, postage prepaid, at the address listed for Plaintiff on the Summons and Complaint in this case (i.e., 813 Delmar Way Apt. 306, Delray Beach, Florida 33483).

                                                   S/ Matthew J. Reynolds
                                                   Matthew J. Reynolds (MR5740)