Hon. Edgardo Ramos
Thurgood Marshall U.S. Courthouse
40 Foley Square Courtroom 619
New York, NY 10007

September 6, 2022

**Re: *Brook v. Ruotolo, et al.*, 1:22 Civ.6173 (ER) (S.D.N.Y.)**

Your Honor:

I am the Plaintiff *pro se*, and I write to request a pre-motion conference under Your Honor's Individual Rules. The relief sought by the proposed motion is the disqualification of Joshua Rushing, who, on August 24, 2022, filed Notice of Appearance (Dkt.8) to represent served defendants Karl Huth and Huth, Reynolds, L.L.P. (the "Huth Defendants").

According to the Huth, Reynolds website, Mr. Rushing was previously employed at Pryor, Cashman, L.L.P. *See* https://www.huthreynolds.com/luke-rushing.html, accessed September 6, 2022. Pryor, Cashman represents my mother Judith Brook's Estate in the New York state court guardianship proceeding to appoint a guardian for Judith Brook (now deceased), which is extensively referred to in my Complaint herein. Defendants are sued here for, among other things, their wrongful conduct and deprivation of civil rights under color of state law in that guardianship proceeding. In the guardianship proceeding and while Mr. Rushing was employed at Pryor Cashman, Pryor, Cashman filed formal objections on behalf of Judith Brook's Estate to applications and arguments presented by many of the Defendants in this Action, including specifically objections to fee requests of the Huth Defendants and others.

During his employment at Pryor, Cashman, Mr. Rushing was likely to have had access to relevant privileged information in the course of Pryor, Cashman's ongoing representation of Judith Brook's Estate. Based on the relevant dates, while Pryor, Cashman was representing Judith Brook's Estate and Mr. Rushing was employed by Pryor, Cashman with access to its Firm files, Mr. Rushing sought, and obtained, employment at Huth, Reynolds, L.L.P.

When he sought employment with Huth, Reynolds, Mr. Huth and his partners knew, and it is likely that Mr. Rushing knew at least by his interviews at that firm, that Karl Huth and his firm were involved in litigation with Pryor, Cashman's current client, Judith Brook's Estate. The history of the Huth Defendants' alleged unethical conduct, and submission of false evidence by the Huth Defendants (as alleged and documented in the Complaint), suggests that Huth, Reynolds may have hired Mr. Rushing because of Mr. Rushing's prior access to confidential and privileged information in the Judith Brook guardianship litigation. Mr. Rushing is hardly needed as co-counsel for these Huth Defendants, who have appeared with other, more senior, attorneys.

At a minimum, these circumstances require disqualification due to the appearance of impropriety in Mr. Rushing's filing a Notice of Appearance in this Action, and Mr. Rushing should be disqualified and subject to an ethical screen at the Huth Firm from this matter. *See* New York Rules of Professional Conduct, Rules 1.7 through 1.10.[1] *See also*

---

[1] New York Rules of Professional Conduct §1.9(b) says:

Unless the former client gives informed consent, confirmed in writing, a lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client:

(1) whose interests are materially adverse to that person; and

(2) about whom the lawyer had acquired information protected by Rules 1.6 or paragraph (c) of this Rule that is material to the matter.

New York Rules of Professional Conduct §1.10(c) says:

When a lawyer becomes associated with a firm, the firm may not knowingly represent a client in a matter that is the same as or substantially related to a matter in which the newly associated lawyer, or a firm with which that lawyer was associated, formerly represented a client whose interests are materially adverse to the prospective or current client unless the newly associated lawyer did not acquire any information protected by Rule 1.6 or Rule 1.9(c) that is material to the current matter.

*Cardinale v. Golinello*, 43 N.Y.2d 288 (1977) (appearance of impropriety requires disqualification of attorney who left first firm, which represented defendant, and joined second firm, representing plaintiff, even though attorney was not involved with the subject matter of litigation at the first firm); *Solow v. Grace*, 83 N.Y.2d 303, 311 (1994) ("We also expressed concern over the appearance of impropriety, for if Schiller were allowed to represent plaintiffs in the current action, laypersons might well believe that he was being hired not only because of his legal talent, but also because of confidential information that he possessed."); *Kassis v. Teacher's Ins Assn*, 93 N.Y.2d 611, 616 (1999) ("In addition to ensuring that attorneys remain faithful to the fiduciary duties of loyalty and confidentiality owed by attorneys to their clients, the rule of imputed disqualification reinforces an attorney's ethical obligation to avoid the appearance of impropriety. Furthermore, it protects client confidences from misuse in substantially related and adverse litigation; frees the former client from any anxiety that matters disclosed to an attorney will subsequently be used against it in related litigation; and provides a clear and readily administered test, thereby encouraging self-enforcement among members of the legal profession [citing cases]."); *Gjoni v. Swan Club*, 134 A.D.3d 896, 897–898 (2nd Dept. 2015) (""A party seeking disqualification of its adversary's counsel based on counsel's purported prior representation of that party must establish `(1) the existence of a prior attorney-client relationship between the moving party and opposing counsel, (2) that the matters involved in both representations are substantially related, and (3) that the interests of the present client and former client are materially adverse'" [citing cases] … Any doubts as to the existence of a conflict of interest must be resolved in favor of disqualification so as to avoid even the appearance of impropriety [citing cases]. … [D]efendants are "`entitled to freedom from apprehension and to certainty that [their] interests will not be prejudiced'" due to Fontana's current representation of the plaintiff [citing cases]."

Accordingly, plaintiff wishes to move to disqualify Mr. Rushing, and requests a pre-motion conference for that purpose.

Plaintiff has conferred with Mr. Reynolds, lead counsel for the Huth Defendants, regarding the motion. Mr. Reynolds has indicated that the Huth Defendants do not consent to the proposed motion. Mr. Reynolds has failed to respond to plaintiff's query regarding whether the Huth Defendants will file a response to the motion.

Sincerely,

*[signature]*

Adam Brook, M.D., Ph.D.
Plaintiff *pro se*
813 Delmar Way Apt. 306
Delray Beach, FL  33483
(415) 516-0787
brook1231@gmail.com