

**Joseph L. Francoeur**
212.915.5638 (direct)
646.823.7791 (mobile)
Joseph.Francoeur@wilsonelser.com

September 26, 2022

**BY ECF**

Hon. Edgardo Ramos, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

>       Re:     Brooks v. Ruotolo, et al.
>               1:22-cv-06173 (ER)(GWG)

Dear Judge Ramos:

We are the attorneys for defendant Ira Salzman in the referenced action. We are writing pursuant to Rule 2.A.ii. of Your Honor's Individual Rules of Practice to request a pre-motion conference to address Salzman's proposed motion to dismiss under Rule 12(b)(1), Rule 12(b)(6) and Rule 9 of the Federal Rules of Civil Procedure.

This action arises from Salzman's role as the court-appointed successor evaluator in an underlying proceeding pursuant to Article 81 of the N.Y. Mental Hygiene Law for the appointment of a guardian for Judith Brook (the "Underlying Article 81 Proceeding"). The complaint alleges that plaintiff *pro se* is Ms. Brook's sole surviving child and generally alleges that Ms. Brook's brother (the petitioner in the Underlying Article 81 Proceeding), the presiding judge in that proceeding, the court-appointed guardian, Ms. Brook's court-appointed attorneys, Salzman and others engaged in a conspiracy to have Ms. Brook declared an incapacitated person depriving her of her rights in violation of the United States and New York Constitutions. The complaint purports to contain claims against Salzman (and others) under the 42 U.S.C. 1983 and 1988, as well as under the New York State Constitution, and state law claims against Salzman (and others) for breach of fiduciary duty, violation of Judiciary Law 487 and "fraud on the court."

Salzman seeks to dismiss the complaint for several reasons.

First, Salzman is entitled to absolute immunity since the complaint acknowledges that he

150 East 42nd Street  |  New York, NY 10017  |  p 212.490.3000  |  f 212.490.3038  |  wilsonelser.com

Albany, NY  |  Atlanta, GA  |  Austin, TX  |  Baltimore, MD  |  Beaumont, TX  |  Birmingham, AL  |  Boston, MA  |  Chicago, IL  |  Dallas, TX  |  Denver, CO  |  Detroit, MI
Edwardsville, IL  |  Florham Park, NJ  |  Garden City, NY  |  Hartford, CT  |  Houston, TX  |  Jackson, MS  |  Las Vegas, NV  |  London, England  |  Los Angeles, CA
Louisville, KY  |  McLean, VA  |  Merrillville, IN  |  Miami, FL  |  Milwaukee, WI  |  Nashville, TN  |  New Orleans, LA  |  New York, NY  |  Orlando, FL  |  Philadelphia, PA
Phoenix, AZ  |  San Diego, CA  |  San Francisco, CA  |  Sarasota, FL  |  Seattle, WA  |  Stamford, CT  |  St. Louis, MO  |  Washington, DC  |  Wellington, FL  |  White Plains, NY



- 2 -

was a court-appointed evaluator under Article 81 of the New York Mental Hygiene Law. *See Faraldo v. Kessler*, 2008 U.S. Dist. LEXIS 5367 (E.D.N.Y. 2008) (court evaluator appointed pursuant to N.Y. Mental Hygiene Law Article 81 "entitled to absolute immunity"). The allegations of the complaint pertain solely to the way Salzman carried out his court-assigned task in the Underlying Article 81 Proceeding and thus are immune from suit. *Cherner v. Westchester Jewish Cmty. Servs.,* 2022 U.S. Dist. LEXIS 34813 (S.D.N.Y. 2022).

Second, the claims alleging violations of the United States and New York Constitutions fail because Salzman was not acting under color of state law. As a private person appointed by the court and tasked with performing an evaluation of Ms. Brook in the Underlying Article 81 Proceeding, Salzman was not a state actor. *Id*.  To the extent plaintiff claims that Salzman bears liability for conspiring with a state actor – the presiding justice in the Underlying Article 81 Proceeding – the complaint is devoid of factual allegations of a conspiracy and its conclusory allegations are palpably insufficient. *Combier v. New York*, 2010 U.S. Dist. LEXIS 108305 (S.D.N.Y. 2010).

Third, the Court lacks subject matter jurisdiction since plaintiff is complaining about the outcome in the Underlying Article 81 Proceeding and seeks damages arising from constitutional violations allegedly inflicted by the appointment of a guardian for Ms. Brook. The complaint therefore falls within the Rooker-Feldman doctrine and cannot be maintained in this Court. *Davis v. Westchester Cty. Family Court*, 2017 U.S. Dist. LEXIS 157864 (S.D.N.Y. 2017).

Fourth, the complaint's state law claims for breach of fiduciary duty, violation of Judiciary Law 487 and fraud upon the court fail to state claims upon which relief can be granted. As a court-appointed evaluator in the Underlying Article 81 Proceeding, Salzman did not owe fiduciary duties to plaintiff or Ms. Brook and the complaint's conclusory allegations of fraud, deceit and the like are insufficient to state a claims for relief. If the complaint's federal claims are dismissed, the Court should also decline to exercise supplemental jurisdiction over the state law claims, particularly because there is no diversity of citizenship.

For these reasons and others, Salzman requests a pre-motion conference to address his pre-answer motion to dismiss.  We are available at the Court's convenience to discuss our request.

Respectfully submitted,

Wilson Elser Moskowitz Edelman & Dicker LLP

/s/ *Joseph L. Francoeur*

Joseph L. Francoeur

275869575v.1