# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ADAM BROOK, | |
| Plaintiff; | |
| v. | Civil Action No. 1:22-cv-06173-ER |
| JOSEPH RUOTOLO, ESQ., IRA SALZMAN, ESQ., DIANA ROSENTHAL, ESQ., FELICE WECHSLER, ESQ., MENTAL HYGIENE LEGAL SERVICE, KENNETH BAROCAS, ESQ., THE SHAINBROWN FIRM, L.L.C., KARL HUTH, ESQ., HUTH, REYNOLDS, L.L.P., HOWARD MUSER, ALLEGIANT HOME CARE, L.L.C., ANN REEN, R.N., MARY MANNING WALSH NURSING HOME, ALLEN LOGERQUIST, M.D., FLORENCE PUA, M.D., ERIC NOWAKOWSKI, R.P.A-C, TOWANA MOE, R.N., JOHN MICHAEL NATIVIDAD, ARTHUR AKPEROV, DORIS BERMUDEZ, NAVJOT SEPLA, MARIE SWEET MINGOA, R.N., AND JOHN DOES #1-10, | |
| Defendants. | |

## DEFENDANTS' JOINT MEMORANDUM OF LAW IN
## SUPPORT OF JOINT MOTION TO DISMISS PLAINTIFF'S COMPLAINT

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ......................................................................................... 1

PROCEDURAL HISTORY............................................................................................... 2

APPLICABLE LEGAL STANDARDS ............................................................................ 3

    I.      Rule 12(b)(1) of the Federal Rules of Civil Procedure ........................... 3

    II.     Rule 12(b)(6) of the Federal Rules of Civil Procedure ........................... 4

ARGUMENT .................................................................................................................... 5

    I.      The Complaint Must Be Dismissed for Lack of Subject Matter Jurisdiction Because There Is No Federal Question Jurisdiction, Diversity Jurisdiction, or Basis to Exercise Supplemental Jurisdiction. ...................................................................... 5

          A.    There Is No Federal Question Jurisdiction Under 42 U.S.C. §§ 1983 or 1988, the Only Two Federal Statutes at Issue............................................ 6

              i.    42 U.S. Code Section 1988 Contains Three Subsections, None of Which Confers on Plaintiff an Independent Federal Cause of Action in This Case.................................................................................. 7

              ii.    As Addressed Further in Defendants' Individual Briefs, the Complaint Does Not, and Cannot, State a Claim Under 42 U.S. Code Section 1983................................................................................ 8

          B.    This Case Lacks Complete Diversity of Citizenship, Depriving This Court of Subject-Matter Jurisdiction under 28 U.S. Code Section 1332 ............. 8

          C.    The Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claims as No Viable Federal Claim Exists............... 9

    II.     The Court Lacks Jurisdiction Under the *Rooker-Feldman* Doctrine. ................... 10

    III.    Plaintiff Lacks Capacity to Maintain this Action ................................................. 12

          A.    Plaintiff Cannot Represent the Estate Because to Do So Would Amount to Practicing Law Without a License; a Legal Representative Can Only Be a Pro Se Plaintiff If He Is the Sole Heir........................................................ 12

    IV.    The Complaint Should Be Dismissed With Prejudice .......................................... 13

CONCLUSION................................................................................................................. 14

i

# **TABLE OF AUTHORITIES**

**Cases**

*Adler v. Adler*, 862 F. Supp. 70 (S.D.N.Y. 1994) ........................................................................ 8

*Alston v. Bendheim*, 672 F. Supp. 2d 378 (S.D.N.Y. 2009) ........................................................ 5

*Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ................................................................... 4

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................................................... 4

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87 (2d Cir. 2007) ....................................... 4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ....................................................................... 4

*Best v. DiTech Holding Corp.*, 407 F.Supp.3d 210 (E.D.N.Y. 2019) .................................... 13, 14

*Botsas v. United States*, 5 F. App'x 69 (2d Cir. 2001) ............................................................... 12

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988) ............................................................. 10

*Carvel v. Ross*, No. 09 CIV. 0722 LAK JCF, 2011 WL 856283 (S.D.N.Y. Feb. 16, 2011), *report
    and recommendation adopted*, No. 09 CIV. 0722 LAK, 2011 WL 867568 (S.D.N.Y. Mar. 11,
    2011) ................................................................................................................................. 7

*Cuoco v. Moritsugu*, 222 F.3d 99 (2d Cir. 2000) ....................................................................... 14

*Davis v. Kosinsky*, 217 F. Supp. 3d 706 (S.D.N.Y. 2016), *aff'd sub nom. Davis v. New York State
    Bd. of Elections*, 689 F. App'x 665 (2d Cir. 2017) ............................................................... 3

*Day v. Distinctive Personnel, Inc.*, 656 F.Supp.2d 331 (E.D.N.Y. 2009) .................................... 14

*Doron Precision Sys., Inc. v. FAAC, Inc., 423 F. Supp. 2d 173 (S.D.N.Y. 2006)* .......................... 4

*Emery Mukendi Wafwana & Assocs. v Mengara*, No. 20-CV-9788-VEC-KHP, 2022 WL 2392510
    (S.D.N.Y. May 19, 2022), *report and recommendation adopted*, 2022 WL 2392498 (S.D.N.Y.
    June 30, 2022) ................................................................................................................... 13

*Estate of Capo v. Haquif*, No. 18 Civ. 10903 (GBD), 2019 WL 2498369 (S.D.N.Y. May 31, 2019)
.................................................................................................................................... 13

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005) ....................................... 10

*Garner v. DII Industries, LLC*, No. 08-CV-6191 CJS, 2008 WL 4934060 (W.D.N.Y. Nov. 14,
2008) ............................................................................................................................... 13

*Horowitz v. 148 S. Emerson Assocs. LLC*, 888 F.3d 13 (2d Cir. 2018)........................................ 13

*Iannaccone v. Law*, 142 F.3d 553 (2d Cir. 1998) ........................................................................ 13

*In the Matter of the Trusteeships Created by Tropic CDO I Ltd.*, 92 F. Supp. 3d 163 (S.D.N.Y.
2015) ................................................................................................................................. 5

*J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107 (2d Cir. 2004) .................................................. 3

*Johnson v. Smithsonian Inst.*, 4 F. App'x 69 (2d Cir. 2001) ......................................................... 8

*Klebanow v. New York Produce Exch.*, 344 F.2d 294 (2d Cir. 1965) (Friendly, J.)..................... 13

*Kolari v. NY-Presbyterian Hosp.*, 455 F.3d 118 (2d Cir. 2006) .................................................... 9

*Kurzon v. Democratic Nat'l Comm.*, No. 16-CV-4114 (JPO), 2017 WL 2414834 (S.D.N.Y. June
2, 2017) ............................................................................................................................. 6

*Liu v. Westchester Cnty. Med. Ctr.*, 837 F. Supp. 82 (S.D.N.Y. 1993) .......................................... 9

*Machne Menachem, Inc. v. Hershkop*, No. 97 Civ. 2550 (ILG), 2001 WL 984943 (E.D.N.Y. July
24, 2001) .......................................................................................................................... 13

*Makarova v. United States*, 201 F.3d 110 (2d Cir. 2000)............................................................... 3

*Manhattan Rev. LLC v. Yun*, No. 16 Civ. 0102 (LAK) (JCF), 2016 WL 6330474 (S.D.N.Y. Aug.
15, 2016), *report and recommendation adopted*, 2016 WL 6330409 (S.D.N.Y. Oct. 26, 2016)
.................................................................................................................................... 13

*Marcus v. AT&T Co.*, 138 F.3d 46 (2d Cir. 1998)......................................................................... 9

*Matusovsky v. Merrill Lynch*, 186 F. Supp. 2d 397 (S.D.N.Y. 2002)................................................ 5

*MK Systems, Inc. v Schmidt*, No. 04 Civ.8106 RWS, 2005 WL 237755 (S.D.N.Y. Feb. 1, 2005),
    *vacated on other grounds*, 2005 WL 590665 (S.D.N.Y. Mar. 10, 2005) ................................. 13

*N.Y. Mercantile Exch., Inc. v. Intercontinental Exchange, Inc.*, 497 F.3d 109 (2d Cir. 2007)....... 9

*Neroni v. Zayas*, 663 F. App'x 51 (2d Cir. 2016) ......................................................................... 10

*Pridgen v. Andresen*, 113 F.3d 391 (2d Cir. 1997)....................................................................... 13

*Reid v. Toyota Motor Credit Corp.*, No. 12 CIV 7436 PAC JLC, 2013 WL 1397143 (S.D.N.Y.
    Apr. 8, 2013), *report and recommendation adopted*, No. 12 CIV 7436 PAC JLC, 2013 WL
    3776201 (S.D.N.Y. July 18, 2013) ........................................................................................ 7

*Roberts v. Bliss*, 229 F. Supp. 3d 240 (S.D.N.Y. 2017)................................................................. 5

*Rolon v. Henneman*, 517 F.3d 140 (2d Cir. 2008)......................................................................... 4

*Roundtree v. City of New York*, 778 F. Supp. 614 (E.D.N.Y. 1991) .............................................. 7

*Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999) .............................................................. 4

*Ruotolo v. City of N.Y.*, 514 F.3d 184 (2d Cir. 2008) ................................................................. 14

*Sazerac Co. v. Falk*, 861 F. Supp. 253 (S.D.N.Y. 1994) ............................................................. 5

*Shakour v. Fed. Republic of Germany*, 199 F. Supp. 2d 8 (E.D.N.Y. 2002)................................. 8

*Sira v. Morton*, 380 F.3d 57 (2d Cir. 2004) ................................................................................. 5

*Sloan v. Truong*, 573 F. Supp. 2d 823 (S.D.N.Y. 2008).............................................................. 6

*Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423 (2d Cir. 2014) ............................... 10

*Weiner v. Winters*, 50 F.R.D. 306 (S.D.N.Y. 1970) ..................................................................... 13

*Weizmann Inst. of Sci. v. Neschis*, 229 F. Supp. 2d 234 (S.D.N.Y. 2002)..................................... 5

*Williams v. Runyon*, No. 97 CIV. 4029 (LMM), 1999 WL 77207 (S.D.N.Y. Feb. 17, 1999)........ 3

**Statutes**

28 U.S.C. § 1331 ........................................................................................................ 6

28 U.S.C. § 1332 ........................................................................................................ 6

28 U.S.C. § 1367 ............................................................................................... 6, 9, 10

42 U.S.C. § 1983 ..................................................................................................... 6, 9

42 U.S.C. § 1988 ................................................................................................ 6, 7, 9

N.Y. Mental Hyg. Law § 81 .................................................................................. 10, 11

**Rules**

Fed. R. Civ. P. 12(h)(3) .............................................................................................. 4

**Treatises**

Wright & Miller, 6A Fed. Prac. & Proc. Civ. § 1559 (3d ed. 2017) ........................... 13

Pursuant to the Court's instructions during the November 15, 2022 pre-motion conference, Defendants Karl Huth, Esq. ("Huth"), Huth Reynolds LLP ("HR LLP", styled "Huth, Reynolds, L.L.P." or "Huth, Reynolds, L.P." in Plaintiff's Complaint; together with Huth, the "Huth Defendants"), Ian Shainbrown ("Shainbrown"), the Shainbrown Firm, LLC (the "Shainbrown Firm"; together with Shainbrown, the "Shainbrown Defendants"), Howard Muser ("Muser"), Diana Rosenthal ("Rosenthal"), Felice Wechsler ("Wechsler"), Mental Hygiene Legal Service ("MHLS"; together with Rosenthal and Wechsler, the "MHLS Defendants"), Kenneth Barocas ("Barocas"), Joseph Ruotolo ("Ruotolo"), Ira Salzman ("Salzman"), The Mary Manning Walsh Nursing Home Company, Inc. ("Mary Manning Walsh Home"), Towana Moe, R.N. ("Moe"), John Michael Natividad, R.N. ("Natividad"), Doris Bermudez, R.N. ("Bermudez"), Marie Sweet Mingoa, R.N. ("Mingoa"), Arthur Akperov, R.N. ("Akperov"), Navjot Sepla, R.N. ("Sepla"), Allen Logerquist, M.D. ("Logerquist"), and Florence Pua, M.D. ("Pua"; together with Mary Manning Walsh Home, Moe, Natividad, Bermudez, Mingoa, Akperov, Sepla, and Logerquist, the "Mary Manning Defendants") (collectively, the "Defendants"), by and through their respective undersigned counsel, file this joint memorandum of law in support of their joint motion to dismiss Plaintiff *pro se* Adam Brook's Complaint in the above-captioned action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. As directed by the Court during the November 15, 2022 pre-motion conference, certain Defendants will submit additional individual memoranda of law addressing additional bases for dismissal of Plaintiff's Complaint specifically relevant to them.

## PRELIMINARY STATEMENT

This action is a futile attempt by a state court litigant to vindicate perceived injustices against him while circumventing the appropriate appeals process which has already repeatedly rejected his claims. Plaintiff has not concerned himself with whether federal court is an appropriate

venue and so the Complaint has not properly alleged any jurisdiction for this Court or any claims that could survive a motion to dismiss. The sole federal claim fails because none of the Defendants acted under color of state law, and there is not complete diversity between the Plaintiff and the Defendants. Even if the Court somehow exercised jurisdiction over the state law causes of action, all of them fail to state a claim. This action must be dismissed in its entirety.

## PROCEDURAL HISTORY

The claims in Plaintiff's Complaint relate to a guardianship proceeding before Justice Kelly O'Neill-Levy in the Supreme Court of the State of New York, County of New York, Index No. 500123/2019, and related appeals from that proceeding (collectively, the "State Court Action"). In the State Court Action, Howard Muser sought the appointment of a guardian for his elderly sister, the late Judith Brook. Mr. Muser initiated the State Court Action on May 9, 2019 after attempts to address his concerns about her care with her son, Plaintiff Adam Brook, were unsuccessful.[1] Prior to a hearing on the appointment of a guardian, the Court directed the appointment of a court evaluator, counsel to Judith Brook and a temporary guardian.[2] After a series of hearings, including testimony from witnesses and reports from two appointed court evaluators, on January 3, 2020 Justice O'Neill-Levy found that Plaintiff had breached his fiduciary duties, voided Plaintiff's power of attorney and health care proxy over Judith Brook, and expanded the powers of Defendant Joseph Ruotolo, Esq. as temporary guardian.[3] Unfortunately, Judith Brook passed away on March 15, 2020.[4]

---

[1] Exhibit A, Muser Petition.

[2] Exhibit B, May 2019 Order Appointing Ruotolo.

[3] Exhibit C, January 3, 2020 Order by Justice O'Neill-Levy.

[4] *See, e.g.*, Compl. ¶ 601, ECF No. 1.

In the wake of the guardianship case, Plaintiff has embarked on a barrage of meritless and vexatious litigation. In the State Court Action, Plaintiff has already filed four interlocutory appeals—all of which he has lost, with both the Appellate Division and the New York Court of Appeals awarding costs against him—and noticed a fifth appeal that he has yet to perfect.[5] After litigating and repeatedly losing in state court, Plaintiff now seeks, through his *pro se* Complaint in this Court, to relitigate the State Court Action yet again.

<u>**APPLICABLE LEGAL STANDARDS**</u>

## I.      Rule 12(b)(1) of the Federal Rules of Civil Procedure

A case must be dismissed for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure "when the district court lacks the statutory or constitutional power to adjudicate it."[6] To prevail against a motion to dismiss for lack of subject-matter jurisdiction, the plaintiff bears the burden of proving the Court's jurisdiction by a preponderance of the evidence.[7] In considering such a motion, the Court generally accepts the material factual allegations in the complaint as true.[8] The Court does *not*, however, draw all reasonable inferences in the plaintiff's favor.[9] Instead, where jurisdictional facts are disputed, the Court has the power and the obligation to consider matters outside the pleadings, such as affidavits, documents, and testimony, to determine whether jurisdiction exists.[10] Moreover, federal courts have an "independent obligation to determine whether subject-matter jurisdiction exists, even in the

---

[5] *See* N.Y. App. Div. (1st Dep't) Case Nos. 2020-03080, 2020-04750, 2020-04349, 2021-00693. On May 16, 2022, Plaintiff noticed his intent to appeal an April 1, 2022 order of Justice O'Neill-Levy, which he has not yet perfected.

[6] *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

[7] *Id*.

[8] *See J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004).

[9] *Davis v. Kosinsky*, 217 F. Supp. 3d 706, 707–08 (S.D.N.Y. 2016), *aff'd sub nom. Davis v. New York State Bd. of Elections*, 689 F. App'x 665 (2d Cir. 2017).

[10] *Williams v. Runyon*, No. 97 CIV. 4029 (LMM), 1999 WL 77207, at *1 (S.D.N.Y. Feb. 17, 1999).

absence of a challenge from any party."[11] Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

## II.     Rule 12(b)(6) of the Federal Rules of Civil Procedure

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must be dismissed if it "fail[s] to state a claim upon which relief can be granted."[12] To avoid dismissal under Rule 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[13] In evaluating a complaint under Rule 12(b)(6), the Court "need not accept as true conclusory allegations and legal conclusions masquerading as facts."[14] Rule 12(b)(6) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation",[15] and a complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" does not meet this standard and cannot survive a motion to dismiss.[16] Instead, a plaintiff must "provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level."[17] Pleadings that merely "offer[] 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" must be dismissed.[18]

---

[11] *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)) (jurisdiction upheld).

[12] Fed. R. Civ. P. 12(b)(6).

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotes and citations omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[14] *Doron Precision Sys., Inc. v. FAAC, Inc.*, 423 F. Supp. 2d 173, 179 (S.D.N.Y. 2006); *accord Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008).

[15] *Ashcroft*, 556 U.S. at 678.

[16] *Id*. (quoting *Twombly*, 550 U.S. at 557).

[17] *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (internal quotes and citations omitted).

[18] *Ashcroft*, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

When assessing a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), "a court may consider documents attached to the complaint as exhibits, or incorporated by reference, as well as any documents that are integral to, or explicitly referenced in, the pleading."[19] Plaintiffs' pleadings are therefore "deemed to include any written instrument attached to [them] as an exhibit, materials incorporated in [them] by reference, and documents that, although not incorporated by reference, are integral to the complaint."[20] "If the allegations of a pleading 'are contradicted by documents made a part thereof, the document controls and the court need not accept as true the allegations of the [pleading].'"[21] To the contrary, "[i]f a plaintiff's allegations are contradicted by such a document, those allegations are insufficient to defeat a motion to dismiss."[22] Additionally, "[c]ourts routinely take judicial notice of documents filed in other courts . . . not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings."[23]

## ARGUMENT

I.    **The Complaint Must Be Dismissed for Lack of Subject Matter Jurisdiction Because There Is No Federal Question Jurisdiction, Diversity Jurisdiction, or Basis to Exercise Supplemental Jurisdiction.**

Federal courts are, by their nature, courts of limited jurisdiction. In order to bring and maintain this case in this Court, Plaintiff must establish the Court's basis for both personal and

---

[19] *Matusovsky v. Merrill Lynch*, 186 F. Supp. 2d 397, 400 (S.D.N.Y. 2002).

[20] *In the Matter of the Trusteeships Created by Tropic CDO I Ltd.*, 92 F. Supp. 3d 163, 171 (S.D.N.Y. 2015) (quoting *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004)) (alterations in original) (hereinafter "Tropic CDO"); *accord Alston v. Bendheim*, 672 F. Supp. 2d 378, 384 (S.D.N.Y. 2009) ("[W]hile courts generally do not consider matters outside the pleadings, they may consider documents attached to the pleadings, documents referenced in the pleadings, or documents that are integral to the pleadings in order to determine if a complaint should survive a 12(b)(6) motion.").

[21] *Tropic CDO*, 92 F. Supp. 3d at 171 (quoting *Sazerac Co. v. Falk*, 861 F. Supp. 253, 257 (S.D.N.Y. 1994)) (alteration in original); *accord Roberts v. Bliss*, 229 F. Supp. 3d 240, 248 (S.D.N.Y. 2017).

[22] *Matusovsky*, 186 F. Supp. 2d at 400.

[23] *Weizmann Inst. of Sci. v. Neschis*, 229 F. Supp. 2d 234, 246–47 (S.D.N.Y. 2002) (taking judicial notice of numerous documents "pertaining to [a] New York Surrogate's Proceeding").

subject-matter jurisdiction. The only potential bases for this Court's subject-matter jurisdiction conceivably implicated by Plaintiff's Complaint in this action are the Court's "federal question" jurisdiction under 28 U.S. Code Section 1331, the Court's "diversity of citizenship" jurisdiction under 28 U.S. Code Section 1332, and—with respect to Plaintiff's various state law claims—the Court's "supplemental" jurisdiction under 28 U.S. Code Section 1367. As detailed below, Plaintiff's Complaint does not, and cannot, establish any of these bases for this Court's jurisdiction, and the Court therefore must dismiss Plaintiff's Complaint.

> A.    *There Is No Federal Question Jurisdiction Under 42 U.S.C. §§ 1983 or 1988, the Only Two Federal Statutes at Issue.*
>
> To invoke federal question jurisdiction under 28 U.S.C. § 1331, a plaintiff must plead a colorable claim 'arising under' the Constitution or laws of the United States. A claim arises under federal law where a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. A claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous. A plaintiff cannot create federal jurisdiction under § 1331 simply by alleging a federal claim where in reality none exists.[24]

It is immaterial that Plaintiff alleges "that this action is brought under 42 U.S.C. § 1983, [if] he fails to allege any violation thereunder."[25] The Complaint's only causes of action invoking federal laws are the first and second causes of action, purportedly brought under 42 U.S. Code Sections 1983 and 1988, respectively. As detailed herein and in the individual memoranda in support of Defendants' motions to dismiss, neither of these causes of action in Plaintiff's Complaint is adequately pleaded or colorable, and the Complaint therefore does not, and cannot, invoke this Court's federal question jurisdiction.

---

[24] *Kurzon v. Democratic Nat'l Comm.*, No. 16-CV-4114 (JPO), 2017 WL 2414834, at *3 (S.D.N.Y. June 2, 2017) (cleaned up); *accord Sloan v. Truong*, 573 F. Supp. 2d 823, 829 (S.D.N.Y. 2008) (quotations omitted).

[25] *Kurzon*, 2017 WL 2414834, at *3.

6

> i.      *42 U.S. Code Section 1988 Contains Three Subsections, None of Which Confers on Plaintiff an Independent Federal Cause of Action in This Case.*

The Complaint's second cause of action is pleaded under 42 U.S. Code Section 1988, but does not provide any additional detail about how Plaintiff believes that Section 1988 is implicated in this case, or even specify which, if any, of Section 1988's three specific subsections, Sections (a)-(c), is being invoked. [26] Instead, Plaintiff merely alleges in conclusory fashion that the "defendants, acting under color of state law in conspiracy with Justice O'Neill-Levy, wrongfully deprived Adam Brook and the Estate of Judith Brook of their civil rights in violation of in violation of [*sic*] 42 U.S.C. § 1988." [27] It is well established, however, that Section 1988 "does not [] provide a cause of action; rather, it governs actions or proceedings brought to enforce other civil rights provisions". [28] Section "1988(a) does not give individuals a substantive right but rather provides a mechanism for filling procedural gaps". [29] "Section 1988(b) does not create an independent cause of action", but instead permits discretionary awards of attorney's fees to parties who *have already* successfully vindicated their civil rights under § 1983. [30] Finally, Section 1988(c) can only apply in cases involving Section 1988(b), because Section 1988(c) merely clarifies that "[i]n awarding an attorney's fee under subsection (b)" fees for an expert witness may also be included. [31] Because Section 1988 does not provide Plaintiff with any federal right of action, it cannot be the basis of this Court's federal question jurisdiction.

---

[26] Compl. ¶¶ 663–66, ECF No. 1.

[27] *Id.* ¶ 665.

[28] *Roundtree v. City of New York*, 778 F. Supp. 614, 618 (E.D.N.Y. 1991).

[29] *Carvel v. Ross*, No. 09 CIV. 0722 LAK JCF, 2011 WL 856283, at *30 (S.D.N.Y. Feb. 16, 2011), *report and recommendation adopted*, No. 09 CIV. 0722 LAK, 2011 WL 867568 (S.D.N.Y. Mar. 11, 2011).

[30] *Reid v. Toyota Motor Credit Corp.*, No. 12 CIV 7436 PAC JLC, 2013 WL 1397143, at *6 (S.D.N.Y. Apr. 8, 2013), *report and recommendation adopted*, No. 12 CIV. 7436 PAC JLC, 2013 WL 3776201 (S.D.N.Y. July 18, 2013).

[31] 42 U.S.C. § 1988(c).

ii.     *As Addressed Further in Defendants' Individual Briefs, the Complaint Does Not, and Cannot, State a Claim Under 42 U.S. Code Section 1983.*

The sole cause of action in Plaintiff's Complaint invoking a federal right of action is the first cause of action, pleaded under 42 U.S. Code Section 1983. Because different Defendants have different roles and involvement in the ongoing underlying state court proceeding, Defendants are addressing Plaintiff's failure to state a claim against them under Section 1983 in individual motions and memoranda of law, consistent with the Court's instructions during the November 15, 2022 pre-motion conference in this action. Since Plaintiff's Complaint does not, and cannot, state a claim under Section 1983 against any Defendant, this Court lacks any basis to exercise federal question jurisdiction in this action, and Plaintiff's Complaint must be dismissed.

B.     This Case Lacks Complete Diversity of Citizenship, Depriving This Court of Subject-Matter Jurisdiction under 28 U.S. Code Section 1332

The Complaint fails to allege diversity jurisdiction over its state law claims. Plaintiff purports to bring this action personally and as "personal representative of the Estate" of Dr. Judith Brook.[32] The Complaint specifically and repeatedly alleges damage to Dr. Judith Brook and her estate.[33] Dr. Judith Brook was a citizen and resident of New York at the time of her death.[34] A representative of a decedent's estate is deemed to have the citizenship possessed by the decedent for diversity purposes.[35] The Complaint further acknowledges that many of the defendants are citizens of New York, including the Huth Defendants and the MHLS Defendants.[36] Thus, there is

---

[32] Compl. ¶ 1, ECF No. 1.

[33] *Id*. ¶¶ 653–72, 684–90, 694–97, 707–14.

[34] *Id*. ¶ 25.

[35] *Johnson v. Smithsonian Inst.*, 4 F. App'x 69, 71 (2d Cir. 2001); *Shakour v. Fed. Republic of Germany*, 199 F. Supp. 2d 8, 14 (E.D.N.Y. 2002); see also *Adler v. Adler*, 862 F. Supp. 70, 72 (S.D.N.Y. 1994) ("the citizenship of a decedent, not the executor, is the only citizenship pertinent for diversity purposes. . . . Substitution of the named plaintiff's executor as plaintiff thus has no impact on the presence or absence of federal jurisdiction.")

[36] Compl. ¶¶ 27, 30–34, 37–38, 40–50, ECF No. 1.

not complete diversity of citizenship among the parties. Where the decedent and all defendants are citizens of New York and only the decedent's representative resides out of state, dismissal is appropriate.[37]

      C.    *The Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claims as No Viable Federal Claim Exists.*

As Plaintiff's claims pursuant to 42 U.S.C. §§ 1988 and 1983 are insufficiently pleaded, Plaintiff's equally baseless state law claims should also be dismissed. Plaintiff's Complaint asserts numerous state law claims, including a constitutional tort for violation of rights provided by the New York State Constitution, wrongful death, survivorship, breach of fiduciary duty, medical malpractice, legal malpractice, fraudulent billing, unjust enrichment, violation of Section 487 of the New York Judiciary Law, and intentional infliction of emotional distress. As there is no independent basis for federal jurisdiction over these state law claims, the court should decline to exercise supplemental jurisdiction.[38]

Federal district courts may exercise supplemental jurisdiction over state law claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.[39] However, a district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.[40]

---

[37] *Liu v. Westchester Cnty. Med. Ctr.*, 837 F. Supp. 82, 83 (S.D.N.Y. 1993).

[38] 28 U.S.C. § 1367.

[39] *Id.*

[40] 28 U.S.C. § 1367(c)(3); *Kolari v. NY-Presbyterian Hosp.*, 455 F.3d 118, 121–22 (2d Cir. 2006); *see also N.Y. Mercantile Exch., Inc. v. Intercontinental Exchange, Inc.*, 497 F.3d 109, 119 (2d Cir. 2007) (*quoting Marcus v. AT&T Co.*, 138 F.3d 46, 57 (2d Cir. 1998))("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.").

As set forth above, Plaintiff's claims must be dismissed due to lack of both federal question and diversity jurisdiction. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state law claims." [41] As a whole, Plaintiff's Complaint is not only jurisdictionally and substantively defective, but also founded upon conclusory allegations against the people and institutions involved in the subject State Court Action. The combination of legal shortcomings and baseless accusations makes clear that Plaintiff's complaint is insufficient on its face. As Plaintiff's Complaint fails to set forth viable federal claims and lacks diversity jurisdiction, the Court must decline to exercise supplemental jurisdiction over Plaintiff's state law claims. [42]

## II.   The Court Lacks Jurisdiction Under the *Rooker-Feldman* Doctrine.

"Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments." [43] The *Rooker-Feldman* doctrine applies if: "(1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites review and rejection of that judgment; and (4) the state judgment was rendered before the district court proceedings commenced." [44] Plaintiff challenges the results of the State Court Action, [45] in which a guardian replaced him as

---

[41] *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

[42] *See* 28 U.S.C. § 1367(c)(3).

[43] *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) (*citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005)).

[44] *Id.*; *see also Neroni v. Zayas*, 663 F. App'x 51, 53 (2d Cir. 2016).

[45] This refers to New York State Mental Hygiene Law Article 81, the statute which sets forth "Proceedings for Appointment of a Guardian For Personal Needs or Property Management." N.Y. Mental Hyg. Law § 81. As stated:

power of attorney and healthcare proxy.[46] He alleges that the "[g]uardianship judge, in conspiracy with [defendant actors]" violated due process, both procedural and substantive, causing financial injury to Adam Brook, Judith Brook and Judith Brook's estate.[47] Plaintiff, on his own or as representative of Judith Brook's estate, cannot now attack the outcome of the State Court Action via this federal lawsuit.

The Complaint meets all four criteria required to apply the *Rooker-Feldman* doctrine. Plaintiff lost his petitions in state court and complains that these losses severely depleted Judith Brook's estate assets.[48] His June 6, 2019 cross petition seeking to be appointed as guardian for Judith Brook, his mother, while also contesting that she was incapacitated, was denied by the guardianship court.[49] The January 3, 2020 state court order issued by Justice O'Neill-Levy in the Article 81 proceeding removed plaintiff from his powers over his mother, and appointed a guardian for his mother – actions which plaintiff now challenges via a number of legal theories.[50] Plaintiff seeks monetary damages as compensation for the decisions of the guardianship court, which plaintiff alleges were the result of malfeasance by various defendants.[51] Such relief would require this Court to invalidate the guardianship orders in the state court proceeding, precisely what the

---

"it is the purpose of this act to promote the public welfare by establishing a guardianship system which is appropriate to satisfy either personal or property management needs of an incapacitated person in a manner tailored to the individual needs of that person, which takes in account the personal wishes, preferences and desires of the persons and which affords the person the greatest amount of independence and self-determination and participation in all the decisions affecting such person's life." *Id.* § 81.01.

[46] Compl. ¶ 60, ECF No. 1.

[47] *Id.* ¶¶ 652–62.

[48] *Id.* ¶¶ 662, 666, 672, 683, 690, 697, 702, 710, 714, 717.

[49] *Id.* ¶ 60.

[50] *Id.* ¶¶ 3, 4, 8–18, 591, 655.

[51] *Id.* ¶¶ 662, 666, 672, 683, 690, 697, 702, 710, 714, 717.

*Rooker-Feldman* doctrine disallows.[52] The challenged decisions in the State Court Action were issued by January 2020, well before this action was commenced on July 7, 2022.[53] Thus, the Court lacks subject matter jurisdiction over Plaintiff's claims, all of which seek to revisit decisions in the State Court Action.[54]

### III.    Plaintiff Lacks Capacity to Maintain this Action

A.    *Plaintiff Cannot Represent the Estate Because to Do So Would Amount to Practicing Law Without a License; a Legal Representative Can Only Be a Pro Se Plaintiff If He Is the Sole Heir.*

Plaintiff brings this lawsuit as the legal representative of his mother's estate. He alleges in his Complaint that the action is brought on behalf of the Estate of Judith Brook.[55] As Plaintiff himself acknowledged to the Court during the November 15, 2022 pre-motion conference in this action, he is an Executor of the Estate Judith Brook under Letters Testamentary issued by the Surrogate of New York County. As Plaintiff also acknowledged to the Court at the pre-motion conference, he is a physician by profession, and not an attorney authorized to practice law in this or any other state. According to Paragraphs 70, 71 and 675 of Plaintiff's Complaint, the bequests in Judith Brook's will[56] include Plaintiff, his deceased brother's daughters, and his cousins.[57]

It is well settled as a matter of substantive law in the courts of New York State and in the U.S. Court of Appeals for the Second Circuit that a *pro se* plaintiff who is the legal representative

---

[52] *See Botsas v. United States*, 5 F. App'x 69, 70 (2d Cir. 2001) ("Where claims raised in a federal action are 'inextricably intertwined' with a state court's determination, dismissal of the federal claims for lack of jurisdiction pursuant to *Rooker-Feldman* is proper.").

[53] Compl. ¶ 10, ECF No. 1.

[54] Fed. R. Civ. P. 12(b)(1).

[55] Compl. ¶ 1, ECF No. 1.

[56] *See* Exhibit D, Plaintiff's Probate Petition.

[57] Compl. ¶ 675, ECF No. 1 (Judith Brook's surviving distributees and next of kin include Judith Brook's son Adam Brook and Judith Brook's teenaged granddaughters).

of a decedent's estate can only proceed *pro se* if he or she is the sole heir of the estate.[58] To permit otherwise would be tantamount to sanctioning the practice of law without a license. The general principle universally followed in New York and the Second Circuit is that *"*a person ordinarily may not appear pro se in the cause of another person or entity."[59] The Second Circuit has further held that "an administratrix or executrix of an estate may not proceed *pro se* when the estate has beneficiaries or creditors other than the litigant."[60] Here, Plaintiff lacks capacity to bring this lawsuit in that, as he himself alleges in his Complaint, he is not the sole beneficiary of his mother's estate.

## IV.    The Complaint Should Be Dismissed With Prejudice

While district courts generally allow *pro se* plaintiffs to amend their complaints where a liberal reading of the complaint suggests the existence of a colorable claim, courts will nevertheless dismiss *pro se* complaints with prejudice where there is no such claim and amendment would be futile.[61] If the defect in the complaint is "substantive," then repleading would be futile and the

---

[58] "Although the defense of lack of capacity is not expressly mentioned in Rule 12(b), Fed. R. Civ. P., it is accepted practice in this circuit that arguments concerning a plaintiff's lack of capacity may be treated as arising under Rule 12(b)(6) where the defect in capacity appears on the face of the complaint. *See Klebanow v. New York Produce Exch.*, 344 F.2d 294, 296 n.1 (2d Cir. 1965) (Friendly, J.); *Machne Menachem, Inc. v. Hershkop*, No. 97 Civ. 2550 (ILG), 2001 WL 984943, at *3 (E.D.N.Y. July 24, 2001); *Weiner v. Winters*, 50 F.R.D. 306, 307-08 (S.D.N.Y. 1970)." *MK Systems, Inc. v Schmidt*, No. 04 Civ.8106 RWS, 2005 WL 237755, at *3 (S.D.N.Y. Feb. 1, 2005), *vacated on other grounds*, 2005 WL 590665 (S.D.N.Y. Mar. 10, 2005); *see also Horowitz v. 148 S. Emerson Assocs. LLC*, 888 F.3d 13, 26 n.4 (2d Cir. 2018) (capacity to sue concerns "a party's personal right to come into court"). Whereas standing—discussed above—is a jurisdictional issue, capacity is "a procedural issue dealing with the personal qualifications of a party to litigate." *Id*. (citing Wright & Miller, 6A Fed. Prac. & Proc. Civ. § 1559 (3d ed. 2017)). Accordingly, a plaintiff's lack of capacity to sue warrants dismissal of an action for failure to state a claim pursuant to Rule 12(b)(6). *See e.g.*, *Estate of Capo v. Haquif*, No. 18 Civ. 10903 (GBD), 2019 WL 2498369, at *4 (S.D.N.Y. May 31, 2019); *Manhattan Rev. LLC v. Yun*, No. 16 Civ. 0102 (LAK) (JCF), 2016 WL 6330474, at *3 (S.D.N.Y. Aug. 15, 2016), *report and recommendation adopted*, 2016 WL 6330409 (S.D.N.Y. Oct. 26, 2016); *Emery Mukendi Wafwana & Assocs. v Mengara*, No. 20-CV-9788-VEC-KHP, 2022 WL 2392510, at *8–9 (S.D.N.Y. May 19, 2022), *report and recommendation adopted*, 2022 WL 2392498 (S.D.N.Y. June 30, 2022).

[59] *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998).

[60] *Pridgen*, 113 F.3d at 393; *Garner v. DII Industries, LLC*, No. 08-CV-6191 CJS, 2008 WL 4934060, at *1 (W.D.N.Y. Nov. 14, 2008).

[61] *Best v. DiTech Holding Corp.*, 407 F.Supp.3d 210, 212 (E.D.N.Y. 2019) (dismissing *pro se* plaintiff's complaint, for failure to state a claim and because it was barred by immunity, with prejudice because amendment would be futile).

complaint should be dismissed with prejudice.[62] Courts will deny leave to amend in cases of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and/or] futility of amendment."[63]

Such is the case here. Plaintiff's claims are barred under the *Rooker-Feldman* doctrine, various immunities, and are also meritless. Furthermore, Plaintiff has demonstrated a history of dilatory action, including his four unsuccessful appeals in state court.[64] Accordingly, the Complaint should be dismissed with prejudice.

## **CONCLUSION**

For the foregoing reasons, as well as those contained in individual Defendants' memoranda of law in support of their motions to dismiss Plaintiff's Complaint, the undersigned Defendants respectfully move this Court for an order dismissing all causes of action alleged in the Complaint for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure and/or for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and for such other and further relief as the Court deems appropriate.

---

[62] *Id.* (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)); *see also Day v. Distinctive Personnel, Inc.*, 656 F.Supp.2d 331, 338 (E.D.N.Y. 2009).

[63] *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (internal citations omitted).

[64] *See* N.Y. App. Div. (1st Dep't) Case Nos. 2020-03080, 2020-04750, 2020-04349, 2021-00693. The Complaint does not allege that any of the judges of the New York Supreme Court, Appellate Division or New York Court of Appeals who ruled against Plaintiff were part of the claimed conspiracy, and thus there is no basis on which to attack their decisions under Section 1983.

Dated:  December 20, 2022                    Respectfully submitted,

| HUTH REYNOLDS LLP | THE SHAINBROWN FIRM, LLC |
|---|---|
| S/ Matthew John Reynolds | S/ Ian Shainbrown |
| Matthew John Reynolds (MR 5740)<br>Joshua Luke Rushing (5713086)<br>41 Cannon Court<br>Huntington, NY 11743<br>(212) 731-9333<br>reynolds@huthreynolds.com<br>lrushing@huthreynolds.com<br><br>*Counsel for Defendants Karl Huth, Esq. and Huth Reynolds LLP* | Ian Shainbrown, Esq. (admitted *pro hac vice*)<br>2 Mountain Ridge Drive<br>Livingston, NJ 07039<br>(212) 542-3261<br>ian@shainbrownfirm.com<br><br>*Counsel for Defendants Ian Shainbrown, Esq., The Shainbrown Firm, LLC, and Howard Muser* |
| MEENAN & ASSOCIATES LLC | WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP |
| S/ Colleen Meenan | S/ Joseph L. Francoeur |
| Colleen Meenan<br>Lissett Costa Ferreira<br>299 Broadway, Suite 1310<br>New York, NY 10007<br>(212) 226-7334<br>cmm@meenanesqs.com<br>lcf@meenanesqs.com<br><br>*Counsel for Defendant Joseph Ruotolo, Esq.* | Joseph L. Francoeur<br>Ronald W. Weiner<br>150 East 42nd Street<br>New York, New York 10017<br>(212) 915-5638<br>joseph.francoeur@wilsonelser.com<br>Ronald.Weiner@wilsonelser.com<br><br>*Counsel for Defendant Ira Salzman* |

| | |
|---|---|
| LETITIA JAMES<br>Attorney General<br>State of New York<br><br>_S/ Steven A. Sutro_<br>Steven A. Sutro<br>Assistant Attorney General<br>28 Liberty Street<br>New York, NY 10005<br>(212) 416-8273<br>Steven.sutro@ag.ny.gov<br><br>*Counsel for Defendants Mental Hygiene Legal Service, Diana Rosenthal, Esq., and Felice Wechsler, Esq.* | KUTNER FRIEDRICH, LLP<br><br>_S/ Charles E. Kutner_<br>Charles E. Kutner<br>950 Third Avenue, 11th Floor<br>New York, NY 10022<br>(212) 308-0210<br>ckutneresq@gmail.com<br><br>*Counsel for Defendants The Mary Manning Walsh Nursing Home Company, Inc., Allen Logerquist, M.D., Florence Pua, M.D., Towana Moe, R.N., John Michael Natividad, R.N., Arthur Akperov, R.N., Doris Bermudez, R.N., Navjot Sepla, R.N., Marie Sweet Mingoa, R.N.* |
| LEWIS BRISBOIS BISGAARD & SMITH LLP<br><br>_S/ Erin A. O'Leary_<br>Erin A. O'Leary<br>77 Water Street, Suite 2100<br>New York, New York 10005<br>(212) 232-1408<br>erin.oleary@lewisbrisbois.com<br><br>*Counsel for Defendant Ken Barocas, Esq.* | |

## <u>CERTIFICATE OF SERVICE</u>

       I, Matthew John Reynolds, hereby certify that on this 20th day of December, 2022, a copy of the foregoing document was electronically filed with the Court and served via CM/ECF on parties registered on the Court's electronic docket, and that a paper copy of the foregoing document and paper copies of unpublished cases cited therein (in compliance with Local Civil Rule 7.2 of this Court) will also be sent to the *pro se* Plaintiff via U.S. Mail, postage prepaid, at the address listed for Plaintiff on the Summons and Complaint in this case (i.e., 813 Delmar Way Apt. 306, Delray Beach, Florida 33483).

                                        S/ Matthew John Reynolds
                                     Matthew John Reynolds (MR5740)