UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADAM BROOK,

        Plaintiff,

– against –

JOSEPH RUOTOLO, ESQ., *et al.*,

        Defendants.

**ORDER**

22-cv-6173 (ER)

ESTATE OF JUDITH BROOK *and* ADAM BROOK,

        Plaintiffs,

– against –

MONITOR/ME, LLC, *et al.*,

        Defendants.

23-cv-1319 (ER)

Ramos, D.J.:

    On August 21, 2023, the Court dismissed all of Plaintiffs' claims in both actions for lack of subject matter jurisdiction and closed the cases. Doc. 143 ("the Opinion"). On September 4, 2023, Plaintiffs moved for re-argument and reconsideration of the Opinion. Doc. 147. The Court denied the motion on September 7, 2023. Doc. 149. Plaintiffs appealed on September 22, 2023. Doc. 151. Plaintiffs now move again for reconsideration in light of a recent state court opinion in the underlying guardianship proceedings, which Plaintiffs allege is new evidence of the conspiracy alleged in the complaint. Doc 152.

    Newly discovered evidence is an appropriate basis to grant a motion for reconsideration. *JLM Couture, Inc. v. Gutman*, No. 20-cv-10575 (LTS), 2023 U.S. Dist. LEXIS 71229, at *5 (S.D.N.Y. Apr. 4, 2023). Newly discovered evidence is "evidence that existed at the time of the

motion, but was unavailable to the movant when the Court made its previous ruling and could not have been found by due diligence." *Id.* (citations and internal quotation marks omitted). New evidence, which did not exist at the time of prior motion or is tantamount to an attempt to amend the complaint, is thus not an appropriate basis for reconsideration. *See id.*; *Amtrust N. Am. v. Safebuilt Ins. Servs.*, No. 14-cv-9494 (CM), 2015 U.S. Dist. LEXIS 172618, at *5–6 (S.D.N.Y. Dec. 22, 2015). Thus, new arguments or issues "are not to be considered" on a motion for reconsideration. *Id.* at *4 (quoting *Morales v. Quintiles Transnat'l Corp.*, 25 F. Supp. 2d 369, 372 (S.D.N.Y. 1998)). Moreover, the mere existence of newly discovered evidence is not enough; the movant must also show that, had it been considered, it "might have reasonably altered the result" of the Court's prior ruling. *Pettiford v. Devito*, No. 14-cv-6271 (JCM), 2020 U.S. Dist. LEXIS 73989, at *13 (S.D.N.Y. Apr. 27, 2020) (citations omitted); *accord Reches v. Morgan Stanley & Co. LLC*, 736 F. App'x 306, 308 (2d Cir. 2018).

Here, neither is the new state court opinion properly considered "newly discovered evidence" for purposes of a motion for reconsideration, nor would it have altered the Opinion. First, Plaintiffs admit that the state court opinion did not exist at the time of the prior motions. Doc. 152-1 at 11. Accordingly, it is not newly discovered evidence within the meaning of a motion for reconsideration. *JLM Couture, Inc.*, 2023 U.S. Dist. LEXIS 71229, at *5; *Amtrust N. Am.*, 2015 U.S. Dist. LEXIS 172618, at *4–6. Second, even if the Court did consider the state court opinion, it does not find that the state court opinion would have "reasonably altered the result" in the Opinion. *Pettiford*, 2020 U.S. Dist. LEXIS 73989, at *13. Plaintiffs' allegations of irregularities and improprieties in the new state court opinion do not cure Plaintiffs' failure to show a meeting of the minds, with details of time and place, as necessary to allege a Section 1983 conspiracy. Opinion at 14–15.

2

Accordingly, Plaintiffs' motion for reconsideration is DENIED. The Clerk of Court is respectfully directed to terminate the motion, Doc. 152.

SO ORDERED.

Dated: September 27, 2023
New York, New York

_____
Edgardo Ramos, U.S.D.J.